People v Desius (2019 NY Slip Op 09164)





People v Desius


2019 NY Slip Op 09164


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.


1149 KA 18-02097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LOIRMUS DESIUS, ALSO KNOWN AS BABOO, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered July 26, 2018. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree (two counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of two counts of assault in the second degree (Penal Law § 120.05 [1] [intentional assault], [4] [reckless assault]), arising from an altercation during which he punched the victim in the face approximately three times, causing the victim to fall and hit his head on the concrete sidewalk. Defendant continued to punch the victim while the victim was lying on the ground unconscious, and he died as a result of his injuries. Defendant contends, inter alia, that County Court's verdict is inconsistent insofar as the court found him guilty of both recklessly and intentionally causing serious physical injury. Although defendant raised that issue at sentencing, the record " does not reflect that the court ever ruled on . . . defendant's motion, and a failure to rule on a motion cannot be deemed a denial thereof' " (People v Stewart, 111 AD3d 1395, 1396 [4th Dept 2013]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision and remit the matter to County Court to determine defendant's motion.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court